UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES MADISON KELLEY,<br><br>          Appellant,<br><br>     v.<br><br>JPMORGAN CHASE BANK, N.A.,<br><br>          Appellee. | Case No. 16-CV-01141-LHK<br><br>**ORDER VACATING ORDER TO SHOW CAUSE AND DENYING PETITION FOR A WRIT OF MANDAMUS**<br><br>Re: Dkt. Nos. 12, 15 |

Before the Court are two matters: (1) Appellant James Madison Kelley's ("Kelley") response to the Court's order to show cause why the instant appeal from the United States Bankruptcy Court for the Northern District of California should not be dismissed for failure to prosecute, ECF No. 15; and (2) Kelley's petition for a writ of mandamus to recuse U.S. Bankruptcy Judge Dennis Montali from Kelley's underlying bankruptcy proceeding, ECF No. 12. Pursuant to Civil Local Rule 7-1(b), the Court finds these matters suitable for disposition without oral argument. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court VACATES the order to show cause and the show cause hearing set for September 1, 2016, at 1:30 p.m.; and DENIES Kelley's motion for a writ of mandamus.

## I.     Order to Show Cause

On March 8, 2016, Kelley appealed pro se from the Bankruptcy Court's dismissal of Plaintiff's adversary proceeding against Appellee JPMorgan Chase Bank, N.A. ("JPMorgan"). ECF No. 1.  This Court issued an initial scheduling order stating, "The appellant shall serve and file a brief within 28 after entry of the appeal on the District Court's docket."  ECF No. 2.  On March 9, 2016, the Court served the initial scheduling order by mail to Kelley at 14390 Douglass Lane, Saratoga, CA 95070.  ECF No. 2-1.

On August 11, 2016, the Court issued an order to show cause why the instant appeal should not be dismissed for failure to prosecute, on the grounds that Kelley had failed to file an opening brief.  ECF No. 13.  The Court ordered Kelley to file a response to the order to show cause by August 25, 2016, and set a show cause hearing for September 1, 2016, at 1:30 p.m.  *Id.* at 2.  The Court served the order to show cause on Kelley at the same address used for the initial scheduling order: 14390 Douglass Lane, Saratoga, CA 95070.  ECF No. 13-1.

On August 22, 2016, Kelley responded to the Court's order to show cause.  ECF No. 15.  In Kelley's response, Kelley declared under penalty of perjury that he never received the initial scheduling order.  *Id.*  Kelley also stated that he had prepared a draft of the opening brief and could have timely filed the opening brief had Kelley known of the deadline.  However, Kelley also indicated that he may lack authority to prosecute the instant appeal due to changes in his underlying bankruptcy proceeding.  In addition, Kelley stated that Kelley filed a motion for relief from judgment in the Bankruptcy Court pursuant to Federal Rule of Civil Procedure 60(b)(4).[1]  In other words, Kelley is apparently moving in the Bankruptcy Court to set aside the same Bankruptcy Court decision that is the subject of the instant appeal.  Kelley asks that "the appeal be allowed to go forward and that the Rule 60(b)(4) motion be added to it."  *Id.* at 3.

Although the Court has some question as to why Kelley received the order to show cause

---

[1] The Federal Rules of Civil Procedure apply to bankruptcy proceedings to the extent provided by the Federal Rules of Bankruptcy Procedure.  Fed. R. Civ. P. 81(a)(1).  Bankruptcy Rule 9024 provides that Federal Rule of Civil Procedure 60 "applies in cases under the Code" except in three narrow exceptions not applicable here.  Fed. R. Bankr. P. 9024.

but not the initial scheduling order at the same home address, the Court credits Kelley's declaration under penalty of perjury that Kelley did not receive the initial scheduling order. *See* ECF No. 15.  In light of Kelley's compliance with the Court's order to show cause, the Court declines to dismiss the case for failure to prosecute.  The Court VACATES the order to show cause and VACATES the show cause hearing set for September 1, 2016, at 1:30 p.m.  Kelley shall file an opening brief within 14 days of this order.  In addition to arguments on the merits of the appeal, Kelley's opening brief shall address Kelley's authority to prosecute the appeal.  Failure to meet the 14-day deadline will result in a dismissal with prejudice of the instant appeal, and no continuances shall be granted.

Pursuant to the initial scheduling order, JPMorgan shall file and serve a brief within 21 days of service of Kelley's opening brief, and Kelley may file and serve a reply brief within 14 days of service of JPMorgan's brief.  ECF No. 2.  Briefs shall conform to Federal Rules of Bankruptcy 8014 and 8015, except that Kelley's opening brief and JPMorgan's opposition brief shall not exceed 25 pages, and Kelley's reply brief shall not exceed 15 pages.  Upon completion of the briefing, the Court will set a date for oral argument unless the Court determines that oral argument is unnecessary.  *See* Bankr. L.R. 8019-1.

Next, the Court considers Kelley's request in response to the order to show cause that the Court to "add[]" Kelley's "Rule 60(b)(4) motion" to the instant appeal.  *See* ECF No. 15, at 3. Kelley's request is substantively meritless.  The district courts of the United States have jurisdiction to hear appeals, in relevant part, "from final judgments, orders, and decrees . . . of bankruptcy judges entered in cases and proceedings."  28 U.S.C. § 158(a)(1).  This Court's appellate jurisdiction extends only to matters raised before the Bankruptcy Court; put another way, a party cannot raise an issue on appeal that was not properly presented to the Bankruptcy Court. *In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000) (party that raises an argument for the first time on appeal from the ruling of a bankruptcy court is generally deemed to have waived the argument); *In re Luciano*, 200 F. App'x 628, 630 (9th Cir. 2006) (same).  In the instant case, it appears that the Bankruptcy Court has not ruled on Plaintiff's Rule 60(b)(4) motion for relief from

3

judgment. Accordingly, there is no appealable final order, and this Court lacks jurisdiction to consider the motion in the first instance. The Court thus DENIES Plaintiff's request to consider Plaintiff's Rule 60(b)(4) motion as part of the instant appeal.

## II.     Petition for Mandamus

The Court turns to the second matter pending before the Court. On August 10, 2016, Kelley filed a petition for a writ of mandamus. ECF No. 12. Kelley's petition is based on U.S. Bankruptcy Judge Dennis Montali's July 13, 2016 denial of Kelly's motion for recusal in Kelley's underlying bankruptcy case. Judge Montali denied Kelley's motion for recusal on four grounds: (1) Judge Montali's impartiality could not reasonably be questioned; (2) Judge Montali did not improperly engage in the practice of law; (3) Judge Montali did not engage in improper ex parte communications; and (4) Judge Montali did not disparage Kelley. *Id.* Ex. 12. In Kelley's petition for a writ of mandamus, Kelley asks this Court to order the recusal of Judge Montali from Plaintiff's underlying bankruptcy proceeding, and to stay Plaintiff's underlying bankruptcy proceeding pending the outcome of the instant appeal.

Kelley did not notice the petition for a writ of mandamus as a motion in compliance with the Court's Civil Local Rules.[2] *See* Civ. L.R. 7-2 ("[A]ll motions must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the motion."). Nonetheless, JPMorgan opposed Plaintiff's petition on August 17, 2016. ECF No. 14. Accordingly, the Court will consider the merits of Kelley's petition for a writ of mandamus. *See* Fed. R. Civ. P. 1 (noting that rules should be construed "to secure the just, speeding, and inexpensive determination of every action and proceeding").

Mandamus is an extraordinary remedy, to be used "only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its

---

[2] Kelley's petition is 29 pages, *see* ECF No. 12, which violates Civil Local Rule 7-2(b) (stating that a motion may not "exceed[] 25 pages in length"). Although Kelly is proceeding pro se, the Court advises Kelley that pro se litigants "must nevertheless comply with court rules." *Masters v. Comm'r of Internal Revenue*, 919 F.2d 145, at *2 (9th Cir. 1990). Going forward, the Court will strike any pages from Kelley's filings that exceed the limit provided in the Civil Local Rules.

4
Case No. 16-CV-01141-LHK
ORDER VACATING ORDER TO SHOW CAUSE AND DENYING PETITION FOR A WRIT OF MANDAMUS

duty to do so." *DeGeorge v. U.S. Dist. Ct.*, 219 F.3d 930, 934 (9th Cir. 2000). The petitioner has the burden to establish "that its right to issuance of the writ is clear and indisputable." *Id.* In Kelley's petition for a writ of mandamus, Kelley seeks the recusal of Judge Montali pursuant to 28 U.S.C. § 455, and a stay of Kelley's underlying bankruptcy proceeding pending the instant appeal. The Court addresses these issues respectively.

Under § 455(a), a United States judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of § 455 is "to avoid even the appearance of partiality." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988) (internal quotation marks omitted). Thus, disqualification, or recusal, may be warranted even in cases where no actual partiality exists. *Id.* A court considering a disqualification request under § 455(a) must ask "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). The reasonable person is not "'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" *Id.* If the reasonable person would not find a basis for partiality, a judge has an obligation to participate in the cases he is assigned. *Id.* at 912. The standard for recusal must not be so broadly construed that recusal becomes "mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* (internal quotation marks omitted). The Court reviews Judge Montali's denial of Kelley's motion for recusal for an abuse of discretion. *See Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).

In the instant case, Kelley fails to establish that Judge Montali abused Judge Montali's discretion in denying the motion for recusal. In Kelley's petition for a writ of mandamus, Kelley argues that Judge Montali erred in denying the motion for recusal on the grounds that Judge Montali improperly engaged in the "practice of law" by encouraging JPMorgan to file a motion for summary judgment. *See* ECF No. 12. Kelley also contends that Judge Montali misapplied the law in various rulings, and failed to properly adjudicate JPMorgan's standing. However, judicial rulings, opinions formed on the basis of the current proceedings, and "[a] judge's ordinary efforts at courtroom administration" do not constitute a basis for bias or partiality, except in the rare

circumstances where they "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555–56 (1994); *see also United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("[A] judge's prior adverse ruling is not sufficient cause of recusal."). Although Kelley disagrees with Judge Montali's "ordinary efforts at courtroom administration" and "adverse rulings," Kelley fails to show that Judge Montali displayed a "deep-seated favoritism or antagonism."

As another ground for recusal, Kelley contends that Judge Montali is biased because Judge Montali analogized Kelley to a gambler" and suggested that Kelley was disregarding obligations to JPMorgan. Even if such statements were intended to disparage Kelley—which Judge Montali denies, *see* ECF No. 12 Ex. 12—"judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." *Liteky*, 510 U.S. at 555. Further, Kelley's speculative assertions that Judge Montali engaged in ex parte communications with the Bankruptcy Trustee and opposing counsel are insufficient to justify recusal. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (holding that "conclusory allegations" are "insufficient to support a claim of bias or prejudice such that recusal is required"). Accordingly, the Court concludes that Kelley has not met his burden to show that Judge Montali abused his discretion in denying Kelley's motion for recusal.

As to Kelley's request for a stay, a party seeking a stay must satisfy each of the following elements: "1. Appellant is likely to succeed on the merits of the appeal. 2. Appellant will suffer irreparable injury. 3. No substantial harm will come to appellee. 4. The stay will do no harm to the public interest." *In re Yeganeh*, 2006 WL 1310447, at *4 (N.D. Cal. May 12, 2006) (citing *In re Wymar*, 5 B.R. 802, 806 (9th Cir. 1980)). Kelley does not discuss these factors in the petition for a writ of mandamus, or offer any argument specific to Kelley's request for a stay. *See* ECF No. 12. Accordingly, Kelley fails to show that Kelley is entitled to a stay. Because Kelley fails to show that Kelley is entitled to either the recusal of Judge Montali or a stay of Kelley's underlying bankruptcy proceeding, the Court DENIES Kelley's petition for a writ of mandamus.

### III. CONCLUSION

For the foregoing reasons, the Court VACATES the order to show cause and the show cause hearing set for September 1, 2016, at 1:30 p.m., and DENIES Kelley's petition for a writ of mandamus. Kelley shall file his opening brief in the instant appeal within 14 days of this order. Failure to timely file an opening brief will result in dismissal of the instant appeal with prejudice.

**IT IS SO ORDERED.**

Dated: August 29, 2016

_____
LUCY H. KOH
United States District Judge